THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY,<br><br>                    Plaintiff,<br>       v.<br><br>CLOVER TRANSPORT LLC, *et al.*,<br><br>                    Defendants. | CASE NO. C25-5027-JCC<br><br>ORDER |

This matter comes before the Court *sua sponte*. Plaintiff United Financial Casualty Company ("UFCC") alleges that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy is more than $75,000. (*See* Dkt. No. 1 at 2–3.) However, the Court has an independent obligation to determine whether it has jurisdiction and must dismiss the case if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Here, UFCC's complaint fails to provide sufficient information for the Court to determine whether it has subject-matter jurisdiction over this matter.

"A limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437

F.3d 894, 899 (9th Cir. 2006)). As such, to properly plead diversity jurisdiction, a plaintiff must plead "the citizenship of all of the members" of *each* of the LLC parties in this case and show that there was complete diversity at the time it filed its complaint. *Id*. at 611.[1] Here, however, UFCC has not pled the citizenship of Brad Vickers, who UFCC alleges is the sole member and owner of Defendant Clover Transport LLC. (*See* Dkt. No. 1 at 3.) UFCC has therefore failed to properly plead diversity jurisdiction.

Nevertheless, "[d]efective jurisdictional allegations are not fatal." *NewGen, LLC*, 840 F.3d at 612. "Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings." *Id.*; *see also* 28 U.S.C. § 1653. Accordingly, the Court ORDERS UFCC to show cause why this action should not be dismissed without prejudice for lack of subject-matter jurisdiction by filing an amended complaint that alleges Brad Vickers' citizenship on or before June 30, 2025. The Court does not grant leave to amend any other allegations in the complaint. Defendants must file their response(s) to the amended complaint and corporate disclosure statement(s) within 14 days after service of the amended complaint. *See* Fed. R. Civ. P. 15(a)(3).

DATED this 16th day of June 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Importantly, if "the information necessary to establish the diversity of the citizenship of some of the defendants [is] not reasonably available," a plaintiff may "plead its jurisdictional allegations as to those defendants on information and belief." *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014).