THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY,<br><br>                  Plaintiff,<br>      v.<br><br>CLOVER TRANSPORT LLC, *et al.*,<br><br>                  Defendants. | CASE NO. C25-5027-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff United Financial Casualty Company's ("UFCC") motion for default judgment (Dkt. No. 18).

According to its complaint in this matter, UFCC provides insurance coverage for cargo carriage, and Defendant Clover Transport LLC ("Clover") is a cargo broker. (Dkt. No 11 at 1–2.) In this instance, Clover brokered cargo carriage between non-party Martin Sprock, the cargo owner, and Defendants Haitham Joudeh and Pacific Trade and Transport LLC ("Pacific Trade"), the cargo transporter and UFCC policy holder. (*Id.* at 2–8.) Following damage to that cargo, Mr. Sprock demanded payment from UFCC. (*Id.* at 8.) However, neither Mr. Joudeh nor Pacific Trade complied with the notice and cooperation provisions contained within the policy and, as such, UFCC concluded that no coverage applied to the incident involving Mr. Sprock's cargo. (*See generally id.*) UFCC then filed the instant complaint seeking a declaratory judgment that it

has no coverage obligation as to Mr. Joudeh, Pacific Trade, or Clover. (*Id.* at 8–12.)

The primary insured, Mr. Joudeh and Pacific Trade, previously stipulated to judgment in this matter, which the Court entered. (*See* Dkt. No. 16.) UFCC then moved for entry of default against Clover, which the Court also entered. (*See* Dkt. No. 17.) And UFCC now moves for default judgment against Clover, seeking a determination that Mr. Sprock's cargo losses were not covered by the insurance policy, under which Clover might otherwise be a beneficiary. (*See generally* Dkt. No. 18.)

Federal Rule of Civil Procedure 55(b) gives district courts discretion to enter default judgment. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). At this stage, "the factual allegations of the complaint . . . will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Nevertheless, the Court must consider seven factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Although when a defendant has not made an appearance—as is true here—the first, fifth, sixth, and seventh factors favor default judgment. *GEICO Indem. Co. v. M.M.*, 2023 WL 4595993, at slip op. 2 (D. Ariz. 2023).

Turning first to the second and third *Eitel* factors—the substantive merits of the plaintiff's claim and the sufficiency of the complaint—this Court, like many others, considers them together. *See, e.g.*, *GS Holistic, LLC v. City Smoke Corp.*, 2025 WL 1345083, slip op. at 2 (W.D. Wash. 2025). As to its sufficiency, a complaint states a claim upon which relief can be granted when it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 570 (2007)). In addition, a complaint for declaratory judgment must allege facts which "show that there is a substantial controversy, between parties

having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). What that means, then, in instances such as this, when an insurer seeks a declaration of the scope of an insurance policy, the Court should review both the complaint and associated insurance policy. *See, e.g.*, *Bankers Ins. Co. v. Sisemore*, 2009 WL 1309277 slip op. (E.D. Cal. 2009).

      Here, in light of the policy provisions at issue, the complaint contains ample factual matter supporting UFCC's claim. (*See* Dkt. No. 11 at 3–8.) The insurance policy requires a person seeking coverage to "cooperate with [UFCC] in any matter concerning a claim or lawsuit." (Dkt. No 11-1 at 20.) And UFCC alleges that Clover has not "responded to UFCC's requests for information or otherwise cooperated with UFCC's investigation into the Cargo Loss." (Dkt. No 11 at 2.) The allegation that the insurance policy does not cover the cargo losses is facially plausible, especially because the named insured, Mr. Joudeh, stipulated to judgment. (*See* Dkt. No. 14.) Therefore, Clover is not eligible for coverage under the policy.

      Moreover, Mr. Sprock's demand for $418,080 from UFCC indicates a substantial controversy between UFCC and Clover. (*See id.* at 8). That is because, since Mr. Joudeh has stipulated to judgment, recovery through Clover (and by extension UFCC's policy to Mr. Joudeh) may be Mr. Sprock's only avenue to recovery. Thus, UFCC and Clover have adverse legal interests regarding the scope of the insurance policy. The controversy is immediate and real, given Mr. Sprock's repeated demands. (*See id.*)

      In addition, a dispute concerning material facts is unlikely here, as is excusable neglect. That is because Clover has received actual notice of this case, has been properly served, yet has not participated in the litigation. (Dkt. No. 9 at 2, 5.) *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012) (finding that a dispute about material facts is unlikely where a plaintiff has filed a well pleaded complaint which a defendant does not challenge, and excusable neglect is unlikely where a defendant has been properly served or is aware of the lawsuit and does not participate).

And while the preference for decisions on the merits by its nature weighs against default judgments, the existence of Rule 55(b) means that preference is not absolute. And Clover's failure to appear makes a decision on the merits infeasible. *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Therefore, that preference does not prohibit granting default judgment in this case.

Finally, it is self-evident that the remaining *Eitel* factors either favor entering default judgment or are neutral.

Accordingly, the Court FINDS and ORDERS as follows:

1. An actual controversy exists between UFCC and Martin Sprock about UFCC's obligations under Policy No. 06111289-009, and UFCC has no adequate alternative remedy at law.

2. Under 28 U.S.C. §§ 2201 and 2202, UFCC has no duty to defend or indemnify Clover or any successors in interest for claims arising out of transporting Mr. Sprock's 1961 Chris Craft 45 Constellation Yacht, the "ENCORE" between California and Florida on or around December 3, 2023.

3. UFCC has no duty to pay any claim for the Cargo Loss because the Cargo Loss is not covered under the terms and conditions of Policy No. 06111289-009.

4. UFCC has no duty to pay, defend, or indemnify Clover Transport LLC for the Cargo Loss because the Cargo Loss is not covered by Policy No. 06111289-009.

DATED this 14th day of October 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE